UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOAN MARIE BEST,

                Plaintiff,                          Case No. 15-cv-13007

v.                                                    Honorable Thomas L. Ludington

OCWEN LOAN SERVICING, LLC,

                Defendant.

_____/

**OPINION AND ORDER GRANTING MOTION TO DISMISS AND DISMISSING
COMPLAINT WITH PREJUDICE**

Plaintiff Joan Marie Best sues Defendant Ocwen Loan Servicing, LLC, claiming that it violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. Best alleges that she sent a Qualified Written Request ("QWR") for information concerning her mortgage to Ocwen, her mortgage servicer. The response she received back, she contends, was insufficient and violative of RESPA. She seeks a money judgment for the violation and, for good measure, a declaratory judgment.

Ocwen has moved to dismiss Best's complaint. See Def.'s Mot. Dismiss, ECF No. 13. Ocwen argues that under RESPA regulations it has a right to establish an address exclusively for the receipt of QWRs. Borrowers must, under the regulations, mail QWRs to that address or servicers, such as Ocwen, have no duty under RESPA to respond. Ocwen claims that Best did not send her request to its designated QWR address and so she cannot sustain a cause of action under RESPA because its duties were never triggered. Ocwen's claims have merit. Its motion will be granted and Best's complaint will be dismissed with prejudice.

**I.**

Plaintiff Joan Best is a homeowner and resident of Harrison, Michigan. Defendant Ocwen Loan Servicing is a Delaware limited liability company in the business of servicing home mortgage obligations. Best acquired her home in Harrison in 1998. On September 4, 2002, she borrowed $60,900 from New Century Mortgage Corporation and granted it a mortgage on the property to secure repayment of the promissory note. Ocwen is the servicer of Best's mortgage with New Century.

For reasons not fully explained in Best's complaint, she sought Chapter 13 bankruptcy protection in 2008. During the course of her bankruptcy proceeding, she entered into a separate adversarial proceeding against Ocwen disputing the validity of the mortgage foreclosure. Best and Ocwen settled the dispute in 2009 by entering into a settlement agreement modifying "the terms and balance due under the mortgage and promissory note." Compl. ¶ 10, ECF No. 1; Pl.'s Resp. Br. 7, ECF No. 16.

Five years later, on February 13, 2014, Best completed her Chapter 13 bankruptcy plan. The plan involved, according to Best, a cure of her mortgage with Ocwen. In addition, also according to Best, Ocwen "filed its agreement as to the notice of the trustee's final cure payment and completion of plan payments on January 31, 2014." Compl. ¶ 12. Best then "resumed direct mortgage payments to [Ocwen] post-petition, tendering all payments due, yet [Ocwen] began to return her payments." *Id.* at ¶ 13. Concerned about the returned payments, Best sent a written request to Ocwen on February 4, 2015 that she claims is a Qualified Written Request, 12 C.F.R. §§ 1024.35(c) & 1024.36(b), for purposes of RESPA. Pl.'s Compl., Ex. 8, ECF No. 3-8. The letter "asked for [Ocwen] to comply with both Michigan and federal law and provide specific information including an alleged history of the account." *Id.* at ¶ 15. She also asked for "an

explanation as to why [Ocwen is] returning all payments she has tendered over the last three months." *Id.* at ¶ 16.

Best mailed her written request to Ocwen at "OCWEN Loan Servicing LLC, POB 24726, West Palm Beach, FL 33416." *Id.* at Ex. 8, ECF No. 3-8. Ocwen's designated address for receiving QWRs is "PO Box 24736, West Palm Beach, FL 33416-4736." Def.'s Mot. Dismiss, Ex. A, ECF No. 13-1. Despite the one digit typographical error, Ocwen alleges it furnished Best with a "substantive response" on March 5, 2015, explaining that her loan was delinquent and that it would provide her a detailed payment history and copy of her note and mortgage by separate mailing. Best claims that the only thing she received from Ocwen dated March 5, 2015 was "a cover sheet with a copy of the note and the mortgage attached." Compl. ¶ 17, ECF No. 1. Best then filed this lawsuit alleging a violation of RESPA based on what she perceived to be Ocwen's inadequate response to her request.

## II.

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### III.

The preliminary dispute between Best and Ocwen is whether Best's correspondence is a Qualified Written Request for purposes of RESPA. In its motion to dismiss, Ocwen argues that Best's correspondence was not properly addressed to its designated QWR mailing address. Best's correspondence contained, presumably, a typographical error in the P.O. Box number of Ocwen's QWR mailing address. Ocwen claims that this error relieves it from its duty under RESPA to respond to the correspondence. Best responds that Ocwen did not satisfy the separate delivery requirement in RESPA's regulations, so she cannot be held to the exclusive QWR address requirement. She alternatively argues that because Ocwen actually responded to her correspondence, the fact that she entered the wrong address is moot.

The RESPA regulations are promulgated by the Consumer Financial Protection Bureau ("Bureau"). 12 U.S.C. § 2605(j)(3). The regulations are encoded at 12 C.F.R. § 1024*ff.* Originally, the task of promulgating RESPA regulations fell to the Department of Housing and Urban Development. But the responsibility shifted to the Bureau on July 16, 2014 following the passage of Dodd-Frank. *See Romero v. Bank of Am., NA*, Case No. 13-4040-DDC, 2015 WL 265057, at *6 n.4 (D. Kan. Jan. 21, 2015) (detailing recent history of regulatory authority). Two regulatory provisions, similarly worded, govern qualified written requests or QWRs made by consumers to mortgage servicers. They are 12 C.F.R. §§ 1024.35(c) and 1024.36(b). Section 1024.35(c) reads, in pertinent part:

> A servicer may, by written notice provided to a borrower, establish an address that a borrower must use to submit a notice of error in accordance with the procedures in this section. The notice shall include a statement that the borrower must use the established address to assert an error. If a servicer designates a

- 4 -

specific address for receiving notices of error, the servicer shall designate the same address for receiving information requests pursuant to § 1024.36(b).

12 C.F.R. § 1024.35(c). As explained by the regulation, the addresses for QWRs under both sections must be identical. Section 1024.35(c) governs QWRs by borrowers seeking to assert errors with their mortgage and § 1024.36(b) governs QWRs by borrowers seeking information on their mortgage.

The language of the regulations leaves no ambiguity. If a servicer establishes a QWR mailing address and provides it to a borrower by written notice, "a borrower must use" the designated address to submit a QWR. *See, e.g.*, 12 C.F.R. § 1024.35(c). Accordingly, numerous courts have explained that "[f]ailure to send the QWR to the designated address 'for receipt and handling of [QWRs]' does not trigger the servicer's duties under RESPA." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1149 (10th Cir. 2013) (applying prior HUD regulations). *See also Roth v. CitiMortgage Inc.*, 756 F.3d 178, 181-82 (2d Cir. 2014) (adopting rule from Tenth Circuit in *Berneike*); *Roth v. PNC Bank, N.A.*, Case No. 15 C 4779, 2015 WL 5731892, at *3 (N.D. Ill. Sept. 30, 2015) ("Simply put, '[i]f the servicer chooses to establish a separate and exclusive office and address, borrowers who fail to submit their QWRs to that location do so at their peril.'" (quoting *Catalan v. RBC Mortgage Co.*, Case No. 05 C 6920, 2008 WL 2741159, at *5 (N.D. Ill. July 8, 2008))); *Warren v. Green Tree Servicing, LLC*, Case No. 14-CV-02241, 2015 WL 9259454, at *4 (D. Colo. Dec. 18, 2015) (quoting *Berneike*, 709 F.3d at 1149).

Best concedes both that she would be required to use Ocwen's designated QWR address and that she did not send her QWR to Ocwen's designated address. She contends, however, that Ocwen's QWR address is not valid as to her because Ocwen did not meet the separate delivery requirement of 24 C.F.R. § 3500.21(e)(1). But the regulations at 24 C.F.R. § 3500.21(e)(1) were repealed before Best sent her QWR, a fact she acknowledges in her response. No "separate

delivery requirement" exists in the current Bureau regulations. Thus, the repealed HUD regulation cannot be used as a shield against the requirement that Best must use Ocwen's designated QWR address.

Best makes a second argument attempting to escape the QWR mailing requirements of §§ 1024.35(c) and 1024.36(b). She claims that Ocwen cannot avail itself of the designated QWR address defense because Ocwen actually received her QWR. Best relies on *McMillen v. Resurgent Capital Servs., L.P.*, Case No. 2:13-CV-00738, 2015 WL 5308236, at *6 (S.D. Ohio Sept. 11, 2015), which details split in authority amongst federal courts over when a servicer's RESPA duty is triggered. The weight of authority held, at the time *McMillen* was decided, that a servicer's RESPA duty was only triggered if the QWR was sent to the designated QWR address. Another subset of courts held that a servicer's RESPA duty was triggered so long as a servicer *actually received* the QWR.

Best's argument is flawed. McMillen was interpreting the old, repealed HUD regulations, which are not at issue in this case. The HUD regulations did not include the mandatory language that "a borrower must use" the servicer's designated QWR address that the Bureau's regulations include. *McMillen* is of no help to Best. At least one court interpreting the Bureau regulations has concluded that actual receipt of a correspondence that is not directed to a QWR address does not trigger a servicer's RESPA duty. *See Warren v. Green Tree Servicing, LLC*, 2015 WL 9259454. In light of the hortatory language in the Bureau's regulations, that holding is a sound one. Ocwen did not subject itself to a RESPA duty when it actually received and responded to Best's correspondence.

Lastly, Best attempts to cast some doubt as to whether she actually received notice of the designated QWR address. She attaches the first page of two mortgage invoices she received from

Ocwen to her response. Pl.'s Resp. Br., Ex. 2, ECF No. 16-2. Those invoices include the direction that the borrower "[s]ee reverse side for important information and state specific disclosures." *Id*. Best did not include a copy of the reverse side of the invoice. Ocwen does include what appears to be a copy of the reverse side of their mortgage invoices. *See* Def.'s Mot. Dismiss, Ex. A, ECF No. 13-1. But Ocwen, by not including the front page, or any affidavit in support, does not establish that Best in fact received a page identical to this with her mortgage invoices. Thus, there is a lacuna in the record. The gap in the record is solved, however, by Best's admission that "Plaintiff agrees that billing statements have the address for qualified written requests as stated in Defendant's Exhibit A." Pl.'s Resp. Br. 13, ECF No. 16.[1]

Because Best did not send her correspondence to Ocwen's designated QWR mailing address, Ocwen's RESPA obligations were not triggered. As a result, Best cannot state a claim for relief under RESPA. Her complaint will be dismissed with prejudice.[2]

### IV.

Accordingly, it is **ORDERED** that Defendant Ocwen Loan Servicing, LLC's motion to dismiss, ECF No. 13, is **GRANTED**.

It is further **ORDERED** that Plaintiff Joan Best's Complaint, ECF No. 1, is **DISMISSED with prejudice**.

---

[1]    In any event, Ocwen includes the record from a bankruptcy proceeding initiated by Best and involving Ocwen where evidence was introduced that Best sent a QWR to Ocwen's proper QWR address. *See* Def.'s Reply Br., Ex. 1, ECF No. 18-1. The Court may take judicial notice of the fact that Best received and was aware of Ocwen's proper QWR address. *See Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1363 (3d ed. 1998) ("The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed . . . .").

[2]    Best also makes a claim for a declaratory judgment in her complaint, but that claim is entirely dependent upon the success of her RESPA claim. A claim for a declaratory judgment is not an independent cause of action. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007).

Dated: January 12, 2016                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 12, 2016.

                              s/Michael A. Sian
                              MICHAEL A. SIAN, Case Manager